■ FRANCES D. GRANT, Appellant, v. JAMES F. GRANT, Respondent. (Appeal No. 1.) — Order unanimously modified in accordance with memorandum and as modified affirmed, with costs. Memorandum: Plaintiff appeals

from an order granting, in part only, her application that defendant pay her dental bill in the sum of $2,710 plus $500 counsel fees incurred in connection with the application. The court ordered defendant to pay to plaintiff and her attorney the sum of $2,000 for use (1) for payment of such counsel fees as she and her attorney agree upon and (2) for payment of the balance thereof to apply on the dental expenses. Plaintiff obtained a divorce from defendant on the ground of his adultery, the decree being signed on January 14, 1963. It contained the following provision, " The defendant shall pay any and all medical, surgical, hospitalization, dental and unusual medicine expenses incurred on behalf of the plaintiff * * *. The defendant shall have the right to assure himself by letter, affidavit or separate examination of the necessity for such expenditures, except in the event of an emergency." Within a year after that decree plaintiff required dental work, estimated by her to cost over $2,000, and requested defendant to pay for it. He refused; and plaintiff brought a proceeding in Supreme Court to compel him to pay. After a hearing the court ordered defendant to pay $1,250 for the dental services and $200 for her legal services. In the spring of 1972 plaintiff again needed dental services and, mindful of the provision in the divorce decree quoted above, she had her dentist write a letter to defendant advising him of the work needed and that it would cost $2,710. Defendant gave the letter to his attorney for reply. The attorney wrote to the dentist, recounting plaintiff's 1963 dental work and defendant's contribution to the cost thereof; plaintiff's independent earnings plus the alimony which defendant pays to her; defendant's large expenses in maintaining and educating the children of the marriage; and concluded with this paragraph, " We think, in light of Mrs. Grant's gross income and in the light of the fact that we have made a substantial contribution to the condition on prior occasions, it may be extremely doubtful whether the Court would compel Dr. Grant to pay the $2,710.00 you talk about. May we have your thoughts? " Defendant did not ask, as he was entitled under the divorce decree, to have another dentist examine plaintiff to ascertain her condition and the reasonable cost of performing the work. Defendant having resisted paying the 1963 dental expenses until ordered to do so by the court, plaintiff interpreted the above reply to constitute a refusal by him voluntarily to pay for her present dental needs. Accordingly, she had her dentist proceed with the dental work and then brought this proceeding to compel defendant to pay for it and for her legal services in connection with the proceeding. Defendant interposed an answer and supporting affidavits by himself and his attorney, suggesting that the dental work was for cosmetic purposes and that plaintiff was able to pay for it herself. He also asserted that it was essentially the same work for which he had paid his required share by court order in 1963. He did not assert that he was financially unable to pay for this expense and did not cross-move for a modification of the divorce decree. Plaintiff submitted affidavits to show that the dental work was needed and was unrelated to that of 1963. In addition to the above papers, the court took oral proof in the proceeding. One of defendant's principal points before the Trial Justice and also before us is that plaintiff failed to give him an opportunity to check the need for this dental work and its reasonable cost. We find that defendant had ample opportunity to ascertain that information but that he dissipated it by the nature of his reply to the letter from plaintiff's dentist and his failure to inquire concerning her dental needs. Plaintiff was entitled to interpret the letter from defendant's attorney as a refusal to pay for her dental expenses. By the terms of the divorce decree defendant is required to pay for all of plaintiff's dental expenses, subject only to his right to appropriate investigation as to the necessity thereof.

Since by his conduct he waived his right to investigate plaintiff's need and the reasonable cost in this case, he is responsible for the dental bill and the legal expenses of the plaintiff in requiring that he pay it. The court erred, therefore, in not directing payment thereof in full and in not fixing the reasonable value of plaintiff's legal services in the proceeding and directing defendant to pay therefor. In view of the resistance defendant offered to plaintiff's request for payment for this dental work, without inquiry as to its reasonableness, and the legal work defendant required plaintiff to have done to enforce her rights, plaintiff's request for $500 for legal services was reasonable. The order should be modified, therefore, to provide that defendant pay to plaintiff the sum of $2,710 for the dental work and the further sum of $500 for her legal services in the proceeding. (Appeal from part of order of Oswego Special Term in divorce action.) Present — Goldman, P. J., Witmer, Moule, Cardamone and Simons, JJ.